USDC SCAN INDEX SHEET







TWO DOCS BREWING CO

KIMBERLY-CLARK CORP

LMM    7/28/97    13:23
3:97-CV-01189
*14*
*DECL.*

1  Cash J. Bonas (SBN 179837)
2  KENDRICK BONAS HANCOCK & NUTLEY
   1010 Second Avenue, Suite 1720
   San Diego, CA 92101
3  (619) 687-6700

4  Attorneys for Plaintiff
   TWO DOCS BREWING COMPANY

ORIGINAL

5

6

7                                          U.S. DISTRICT COURT
                                           DISTRICT OF CALIFORNIA
8                                                      DEPUTY

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  TWO DOCS BREWING COMPANY, on    )   No. 97-CV 1189-JM (LAB)
    behalf of itself and all others similarly  )
    situated,                        )
14                                   )
            Plaintiff,               )   DECLARATION OF CASH J. BONAS
15                                   )   IN SUPPORT OF PLAINTIFF'S
         vs.                         )   *EX PARTE* MOTION TO REMAND
16                                   )
    KIMBERLY-CLARK CORPORATION,      )
17  et al.,  and DOES 1-50,          )
                                     )
18                                   )
            Defendants.              )   Date:  Not Set
19  _____)   Time:  Not Set
                                         Dept:  6     Hon. Jeffrey T. Miller
20

21  I, Cash J. Bonas, declare as follows:

22  1.   I am a member in good standing of the State Bar of California and member of the law firm

23       Kendrick Bonas Hancock & Nutley.  I am submitting this Declaration in support of

24       Plaintiffs' *Ex Parte* Motion to Remand.  I have personal knowledge of the facts stated in

25       this Declaration and, if called as a witness in this action, I could and would testify

26       competently thereto.

27  2.   Attached as Exhibit A to Plaintiff's Memorandum of Points and Authorities in Support of

28       *Ex Parte* Motion to Remand ("Memo") is the original Declaration of Dean Jacobsen in

14

1   Support of Plaintiff's *Ex Parte* Motion to Remand Action.

2   3.   Attached as Exhibit B to Plaintiff's Memo is a true and correct copy of letter dated July
3        17, 1997 from Cash J. Bonas to Charles B. Cohler.

4   4.   Attached as Exhibit C to Plaintiff's Memo is a true and correct copy of letter dated July
5        22, 1997 from Charles B. Cohler to Cash J. Bonas.

6   5.   Attached as Exhibit D to Plaintiff's Memo is a true and correct copy of *Lawrence v.*
7        *Eastman Kodak Company*, No. 94-980 GT (CM).

8   6.   Attached as Exhibit E to Plaintiff's Memo is a true and correct copy of transcript of
9        hearing in *Lawrence v. Eastman Kodak*, No. 94-0890-GT (S.D. Cal. August 22, 1994).

10  7.   On June 19, 1997 Defendants removed this case. On the same day, Defendants filed a
11       Motion For Transfer and Consolidation with the Panel For Multi-district Litigation of all
12       federal actions related to this action in the matter which has been captioned *In re*
13       *Commercial Tissue Paper Products Antitrust Litigation*, MDL Docket No. 1189.
14       Defendants have requested that these cases be transferred to the Eastern District of
15       Wisconsin or, in the alternative, the Northern District of Georgia. The hearing on
16       Defendants Motion For Transfer has not yet been set. However, it will not be heard until
17       either September or October.

18  8.   On Friday July 14, 1997 I was informed by this Court's calendar clerk that November 24,
19       1997 was the first date available for a motion to remand.

20  9.   On Friday July 11, 1997 I telephoned Charles B. Cohler, counsel for Defendants, and
21       informed him that Two Docs' Brewing Company, the named Plaintiff in this action, did
22       not satisfy the amount in controversy requirement for diversity jurisdiction as it had less
23       than $30,000 in total purchases of the products at issue during the entire class period.

24  10.  In my conversation with Mr. Cohler, I requested that Defendants stipulate to the remand
25       of this action as there was no basis for diversity jurisdiction. Mr. Cohler declined this
26       offer and stated that there was an issue of supplemental jurisdiction over the named

27

28

1    Plaintiff and all other class members if some *unnamed class member* satisfied the amount

2    in controversy requirement for diversity jurisdiction.

3    11.    I advised Mr. Cohler that their was simply no case, in any jurisdiction, where a federal

4    court exercised supplemental jurisdiction over a class action in which the named Plaintiff

5    did not satisfy the amount in controversy requirement of the diversity statute.  I told him

6    that before supplemental jurisdiction could even attach, the named Plaintiff must satisfy

7    the amount in controversy.  Nonetheless, Mr. Cohler refused to stipulate to the remand of

8    this action.

9    12.    On July 17, I wrote Mr. Cohler and again requested that Defendants stipulate to the

10    remand of this action.  See Exhibit B.  I stated that if Defendants refused to stipulate that

11    Plaintiff intended to bring an *ex parte* motion requesting the Court to remand this action

12    immediately.  *Id.*  On July 21, 1997 I again notified Mr. Cohler that Plaintiff intended to

13    bring an *ex parte* motion to remand this action.

14    13.    Before November 24, 1997 the Panel for Multi-District Litigation ("Panel") will hold a

15    hearing to determine to which federal forum this case should transferred.  Once the Panel

16    rules, this case will be transferred from this Court to the transferee forum, thereby

17    divesting this Court of its jurisdiction to hear a motion to remand.  Thus, if Plaintiff filed a

18    regularly noticed motion to remand this action in this Court it is likely that this case will be

19    transferred pursuant to Panel procedure to another federal forum before that hearing date

20    arrives.

21    14.    The forum to which this case is transferred will then have to review Plaintiff's remand

22    papers and schedule a hearing date for that motion — which hearing will probably not be

23    scheduled for months after that.

24    15.    Thus, if this case is not immediately remanded, Plaintiff will be forced to incur substantial

25    expense and waste valuable time in traveling to two distant fora: one to argue before the

26    Panel and the other to argue its motion to remand — all because Defendants filed a Notice

27

28

1    of Removal which is absolutely devoid of any factual and legal basis.

2    16.    Defendants' removal has effectively stayed this action for at least four months — and

3    possibly up to a year.  For example, because there is no basis for the exercise of federal

4    jurisdiction over this action, Plaintiff cannot file any motions whatsoever (aside from this

5    motion to remand) as any ruling made by a court lacking jurisdiction is ineffective.  Thus,

6    Plaintiff cannot file a motion for class certification and cannot take discovery from

7    Defendants or non parties.

8    17.    On July 24, 1997 I had a conversation with Eric Fastiff, counsel for plaintiff in Tortolla

9    Restaurants, L.P., et al. v. Kimberly Clark Corporation, et. al., Docket No. 97CV2372

10    (N.D. Cal.), an action related to this action against the same named, and was informed by

11    him that the judge in that case agreed to hear plaintiff's motion to remand on *ex parte*

12    basis on July 29, 1997.  I was also informed by Mr. Fastiff that defendants in that action

13    filed an *ex parte* motion to stay that action.  That motion will also be heard on July 29,

14    1997.

15    I declare under penalty of perjury that the foregoing is true and correct.

16    Dated: July 25, 1997

17

18                                                              CASH J. BONAS

19

20

21

22

23

24

25

26

27

28